<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARKEITH JOHNSON,                         :

                        Petitioner,        :

                    v.                 :

LARRY GLOVER, et al.,                     :

                       Respondents.       :

Civil Action No. 08-6288 (KSH)

**O P I N I O N**

**APPEARANCES:**

Markeith Johnson
#411900
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

Kenneth P. Ply
Office of the Essex County Prosecutor
50 West Market Street
Newark, NJ 07102
Attorney for Respondents

**HAYDEN, District Judge**

     Petitioner Markeith Johnson, a prisoner currently confined at the Northern State Prison in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Administrator Larry Glover and the Attorney General of New Jersey.

     For the reasons stated herein, the petition must be denied.

BACKGROUND

A.    **Factual Background**

The relevant facts are set forth in the opinion of the
Superior Court of New Jersey, Appellate Division ("Appellate
Division").[1]

> According to the State's case, defendant and his
> former girlfriend, Jennifer Smith, got into an argument
> which continued in the hallway of her mother's
> apartment.  According to Ms. Smith's sister Tanya, and
> Tanya's boyfriend, defendant pulled out a pistol,
> pointed and fired it, hitting the bathroom molding.
> Jennifer, Tanya and Tanya's boyfriend saw "the bullet
> hole in the frame of the bathroom door."
>
> Photographs taken by a responding policeman,
> Officer Roderick Brown, shortly after the event
> occurred, revealed a hole in the molding.  However, the
> photos were initially lost.  The trial judge, over
> objection, permitted reference to the replacement
> photos taken about two weeks before trial after the
> hallway had been painted.  The original photographs
> were thereafter found.  The first set was ultimately
> admitted into evidence in the absence of objection.
> Defendant, in fact, sought the admission of one of the
> original photos not moved into evidence by the State.
> In addition to the photos, Sgt. Richard Moreno
> testified that he observed a bullet hold in the
> "[m]olding of the bathroom door."

See Respondents' Exhibit ("RE") B at p. 3 (internal footnote
omitted).

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding
instituted by an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court, a
determination of a factual issue made by a State court shall be
presumed to be correct.  The applicant shall have the burden of
rebutting the presumption of correctness by clear and convincing
evidence."

B.   **Procedural History**

On February 28, 2000, an Essex County Grand Jury returned an indictment charging Petitioner with three counts of violating New Jersey state law: second-degree aggravated assault (count one); third-degree unlawful possession of a weapon (count two); and second-degree possession of a weapon for an unlawful purpose (count three). Petitioner pled not guilty to this indictment.

Petitioner was tried from May 31, 2000 to June 2, 2000. The jury found Petitioner guilty of counts two and three. However, on count one, the jury found Petitioner not guilty of second degree aggravated assault, but convicted him of the lesser included offense of fourth-degree aggravated assault. On September 12, 2000, Petitioner was sentenced to an aggregate term of ten years. Petitioner was also sentenced on other indictments, and the aggregate sentence on all three indictments under which Petitioner was sentenced was twenty-five years, with twelve years of parole ineligibility.

Petitioner appealed his convictions and sentences to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), which affirmed the convictions, but remanded on one sentencing matter. The New Jersey Supreme Court denied Petitioner's petition for certification.

Petitioner filed a state court petition for post-conviction relief (PCR) which was denied; the denial being affirmed on

3

appeal on or about February 25, 2008.  On September 18, 2008, the New Jersey Supreme Court denied Petitioner's petition for certification.

This petition for habeas relief was filed on January 5, 2009.  Petitioner was informed of his rights pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), and respondents were ordered to answer the petition.  Respondents' answer was filed on July 20, 2009.

## C.   <u>Petitioner's Claims</u>

Petitioner alleges one ground for relief in this habeas petition: that he was deprived of his due process rights to a fair trial.  He states that the testimony against him was untruthful and speculative.  (Petition, ¶ 12).  It appears that this claim has been exhausted in the state courts during Petitioner's PCR proceedings.

## <u>DISCUSSION</u>

## A.   <u>Standards Governing Petitioner's Claims.</u>

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

4

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly

5

declined to decide the latter).  Id. at 407-09.  To be an
"unreasonable application" of clearly established federal law,
the state court's application must be objectively unreasonable.
See id. at 409.  In determining whether the state court's
application of Supreme Court precedent was objectively
unreasonable, a habeas court may consider the decisions of
inferior federal courts.  See Matteo v. Superintendent, 171 F.3d
877, 890 (3d Cir. 1999).

The deference required by § 2254(d) applies without regard
to whether the state court cites to Supreme Court or other
federal case law, "as long as the reasoning of the state court
does not contradict relevant Supreme Court precedent."  Priester
v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v.
Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19
(2002)).

Finally, a pro se pleading is held to less stringent
standards than more formal pleadings drafted by lawyers.  See
Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404
U.S. 519, 520 (1972).  A pro se habeas petition and any
supporting submissions must be construed liberally and with a
measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d
Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d
Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir.
1969), cert. denied, 399 U.S. 912 (1970).

B.   <u>Petitioner's Claim Must Be Denied.</u>

Petitioner argues that the testimony against him, offered by fact witnesses, was untruthful and speculative.  Petitioner presented this argument to the state courts in his PCR motion. Petitioner argued in his PCR appeal that the testimony of Tanya Smith was untruthful as to her positioning in the doorway, and that three witnesses, Tanya Smith, Griffin, and Jennifer Smith speculated that Petitioner had a gun.  Petitioner's PCR counsel argued at oral argument that Petitioner saw Tanya Smith as further off to the left and that this fact would make a substantial difference as to whether she was a victim or a target of the pointing of the weapon.

Petitioner also argued that the evidence demonstrated that no witness actually saw him with a gun, and that no ballistics were recovered.  Thus, Petitioner argued, the evidence was insufficient to support the verdict.  (RE D).

The PCR judge rejected these arguments, finding that:

> As to things that are said or not said, the evaluation of that is squarely within the province of the jury to decide the credibility of the witness based upon what they believe was true or not true; fully at liberty to accept some things said by one witness and to reject other things said by the same witness and then to decide what weight to attach to the testimony of the witness.  More than one person testified here. So your arguments fall squarely within the province of the fact finding and weighing function that a jury engages in.

(RE D at p. 9).   The Appellate Division found that Petitioner's
arguments had no merit, and affirmed the PCR judge's decision,
stating:

> Defendant challenges the testimony of a State
> witness and the sufficiency of the evidence.   However,
> as noted in our opinion on the direct appeal, the gun
> may not have been fired, but it didn't have to be.
> Fourth degree aggravated assault involved a pointing.
>
> There is no inconsistent verdict despite the
> acquittals on the greater aggravated assaults, and even
> if there was, the Supreme Court's more recent opinions,
> like State v. Banko, 182 N.J. 44, 54-56 (2004), make
> clear that poses no defect in the result of this case.
> See also State v. Grey, 147 N.J. 4, 11, 16-18 (1996)
> (where the felony murder convictions were reversed
> because of the jury charge and acquittal of the
> underlying felony).

(RE F, at p. 3).

As noted in the record of this case, there was ample
evidence to support the jury's conclusion that Petitioner
possessed and fired a gun.   Tanya Smith testified that she saw
the Petitioner reach into his coat pocket and point in her
direction as if he had a gun; Griffin saw Petitioner with a gun
and testified it was a .22 caliber revolver; Tanya and Jennifer
Smith both testified that they heard a gunshot and observed a
bullet hole in the bathroom doorframe that was not present before
the shooting.   Likewise, there was evidence of the existence of
the bullet hole in the doorframe.

Thus, the evidence presented at trial supported the jury's
verdict.   Petitioner has not demonstrated that his trial was

fundamentally unfair.  See Keller v. Larkins, 251 F.3d 408, 413 (3d Cir.), cert. denied, 534 U.S. 973 (2001) (finding that for a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial).  Nor does Petitioner demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). Rather, as the evidence was presented to the jury, who decided to convict Petitioner, it is clear that no fundamental injustice occurred; rather, the jury assessed the witnesses' credibility, to the detriment of Petitioner.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

9

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

<u>CONCLUSION</u>

For the foregoing reasons, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is denied. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.

KATHARINE S. HAYDEN
United States District Judge

Dated: 7/14/10